UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-20068-CR-LENARD/Turnoff

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVON MCKENZIE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court upon Defendant's Corrected Motion to Suppress Out of Court Statements by Mr. John Green. **[DE 20]**. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 21]**. A hearing on this matter was held on April 14, 2011. **[DE 34]**. The undersigned has considered the written and oral arguments, the applicable law, the court record, and is otherwise duly advised in the premises.

Defendant Davon McKenzie filed the instant motion seeking to exclude all out of court statements made by Mr. John Green in connection with a robbery on the grounds that Green would not be testifying at trial such that Defendant would not have the opportunity to cross-examine him concerning those statements and that those statements were inadmissible hearsay not falling within an exception to the hearsay rule. The Government set forth in its Response as follows:

> In the late hours of September 4, 2010, Defendant, with unindicted accomplice Luis Malave, robbed at gunpoint a man named John Green. Mr. Green called 911 and received police assistance. Local police later arrested Defendant for this robbery. Defendant is now being prosecuted by the government for possession of a firearm by

Case No.: 11-20068-CR-LENARD/Turnoff

> a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant seeks an order from the Court baring [sic] the introduction of any out-of-court statements by Mr. Green. Defendant claims that Mr. Green will not be available for trial; this is incorrect. Nonetheless, if Mr. Green does not testify, the government will not offer any statements by Mr. Green, save two exceptions. The government will offer the contents of Mr. Green's call to 911 as excited utterances. The government will also offer the description given by Mr. Green of his assailants as non-hearsay explaining the actions of its listener. The government argues that these statements are relevant, either not hearsay or admissible hearsay within a firmly rooted exception, and are not violative of the Sixth Amendment's Confrontation Clause.

**[DE 30]**, a pp. 1-2.

Upon review, the undersigned has determined that the instant motion is more in the nature of a motion *in limine* rather than a motion to suppress because it concerns evidentiary questions, not constitutional issues. Accordingly, consistent with the instructions given in open court, it is hereby **RESPECTFULLY RECOMMENDED** that defendant's Motion to Suppress Out of Court Statements by Mr. John Green **[DE 20]** be **DENIED** without prejudice to raise these matters at trial.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F. 2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida this 15 day of April 2011.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Honorable Joan A. Lenard
All counsel of record